IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JEROME PERKINS, #251906, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | NO. 3:22-cv-00550 |
| | ) | |
| GRADY PERRY, Warden, | ) | JUDGE RICHARDSON |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM OPINION AND ORDER

Jerome Perkins, a state inmate proceeding pro se, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. No. 1) and an amended application for leave to proceed in forma pauperis (IFP). (Doc. No. 9.) Petitioner's amended IFP application demonstrates his inability to pay the filing fee and is therefore **GRANTED**.[1]

This Section 2241 Petition purports to challenge (1) the manner in which Petitioner's 2012, 15-year sentence out of Wilson County, Tennessee, on a Schedule II drug conviction is being carried out, (2) the validity of this conviction and sentence, (3) the result of disciplinary proceedings, and (4) a conflict of interest arising from the fact that the same state judge—sitting in two Tennessee counties—presided over Petitioner's trial, post-conviction, and state habeas proceedings. (Doc. No. 1 at 1–3.) However, the Court takes judicial notice that Petitioner previously challenged this 2012 drug conviction and fifteen-year sentence via a petition under Section 2254, which was denied on its merits. *Perkins v. Perry*, No. 3:18-cv-01279, 2021 WL

---

[1] Although Petitioner did not file a notice of change of address, his most recent filings concerning his application for pauper status (Doc. Nos. 6, 8–9) reveal that he was transferred from the South Central Correctional Facility and is now incarcerated at the Whiteville Correctional Facility, with the following mailing address: P.O. Box 679, Whiteville, Tennessee, 38075. The Clerk is **DIRECTED** to make this change on the docket of this case.

7908425 (M.D. Tenn. Aug. 2, 2021), *appeal dismissed*, 2021 WL 7907234 (6th Cir. Dec. 16, 2021).

In the current Petition, Petitioner explains that he learned only recently that he could file under Section 2241. (Doc. No. 1 at 6.) But the claims that he asserts—ineffective assistance of trial counsel (claims 1 and 4), improper custodial transfer of the drugs seized incident to his arrest (claim 2), and improper racial composition of his jury (claim 3)—were all previously raised and adjudicated in his action under Section 2254. *See Perkins v. Perry*, 2021 WL 7908425, at *3. He continues to seek relief from custody, to wit: "[F]or the 15 yrs at 35 percent [to] be dismissed and either time serve[d] on the charge[ ] o[r] a new trial to prove my innocen[ce]. I've already . . . served 10 yrs on this charge day for day with 2 yrs good time off the back. I need to prove my innocence." (Doc. No. 1 at 10.)

Title 28, Section 2244(b) of the United States Code provides in pertinent part that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This requirement of prior authorization is jurisdictional, *Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007) (citing *Burton v. Stewart*, 549 U.S. 147, 157 (2007)), and it applies even if the second habeas petition seeking relief from custody pursuant to a state court judgment is filed under Section 2241 rather than Section 2254. *Rittenberry v. Morgan*, 468 F.3d 331, 336 (6th Cir. 2006).

The Petition before this Court is "second or successive" because the events giving rise to its claims had occurred when Petitioner filed his original habeas petition, which contained those same claims. *See In re Wogenstahl*, 902 F.3d 621, 627–28 (6th Cir. 2018) (discussing § 2244(b)'s "second or successive" standard). Because there is no indication that Petitioner obtained pre-filing

authorization from the Sixth Circuit, this Court lacks jurisdiction to consider the Petition. Instead, the Court must transfer it to the Sixth Circuit for consideration in the first instance. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) ("[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

Accordingly, the Clerk is **DIRECTED** to **TRANSFER** the Petition (Doc. No. 1) to the Sixth Circuit and close the file. Petitioner's pending "Motion for Discovery of Videotape(s)" (Doc. No. 2) is **DENIED** as moot.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE